[No. 8477.]

WHITE V. ROSE LAND AND CATTLE COMPANY.

WATER RIGHTS—*Appropriation.* Plaintiff claimed to be entitled by appropriation to the waters of a spring rising upon defendant's land, for the irrigation of lands lying below those of defendant. Held that no appropriation had been effected. (353, 354.)

*Error to Pueblo District Court.* Hon. C. S. ESSEX, Judge.

*Department.*

Mr. JOHN W. DAVIDSON and Mr. ROBERT COWLES, for plaintiff in error.

Mr. MILES G. SAUNDERS, Mr .H. F. CHAMBERS and Mr. CHARLES M. ROSE, for defendant in error.

Opinion by Mr. Justice TELLER.

The plaintiff in error, plaintiff below, is the owner of a tract of land, lying south of and below the lands of the defendant, on which there are two springs, a short distance north of plaintiff's north line, the waters of which naturally flow southward. The amended complaint alleges that these waters form a stream known as Darr Creek, which runs through plaintiff's land; that he has used the waters of said creek for irrigating his said land from 1889 to the beginning of the suit; and that the defendant was preparing and threatened to divert all the waters of said creek and deprive the plaintiff of the use thereof. It is further alleged that Darr Creek flows into Chico Creek, which is a tributary of the Arkansas River; that the plaintiff in 1891 began the use of a part of said waters for the irrigation of agricultural lands,—his earlier use of the water being for the flowing of meadow lands—; that previous to said use of water on agricultural lands by plaintiff, the defendant irrigated about eighteen to twenty acres of meadow land, that the waters flowed naturally down Darr Creek and over

defendant's land, to the extent stated, and that there was, and continues to be, sufficient water in said creek to irrigate said lands of defendant, and the lands of the plaintiff as well; also, that in 1906 and 1907 the defendant first diverted water for the irrigation of four or five acres of plowed land, and thereafter abandoned the use of water upon said land, but in 1909, the year before the action was begun, he had begun the construction of ditches and reservoirs preparatory to the diversion and use of all the waters of said creek.

The prayer of the complaint is for an injunction restraining defendant from interfering with plaintiff's use of said waters.

On the trial it seems to have been conceded by the parties that the plaintiff's case depended upon his establishing the fact that the water in question formed part of a natural stream.

There was a strong conflict of evidence as to the character of the channel or water course through which the spring waters passed to the southward into Chico Creek, whence they flowed into the Arkansas River.

There was no dispute, however, over the fact that both on plaintiff's land and that of the defendant, the waters spread out over the hay meadows, forming what was designated as a "swale." It appears also that the greater part of the water course where it spread out over the sod was a natural meadow, and that mowing machines were run over the most of it each year. Plaintiff testified that defendant had annually cut hay on twenty-five to thirty acres thus irrigated, and that he—the plaintiff—had mown about the same acreage.

He claimed to have reconstructed an old ditch, which had a headgate on defendant's land, for the purpose of more widely spreading the water on his hay land. No other act of appropriation appears to have been done. Neither of the parties to this action had an adjudicated right to the water

claimed, the defendant claiming a right to all the water he could use on its land, by virtue of its coming from springs on said land, and the plaintiff claiming by appropriation from a natural stream.

The court found that there was no natural stream on these lands; that the waters in controversy issue from springs on defendant's land; that defendant and its grantors had used said waters for more than twenty years prior to the commencement of this action, and prior to plaintiff's use, except so far as concerned waste waters flowing to his land; and that plaintiff had made no appropriation of any part of said waters, and had no right thereto as against defendant. Decree was entered for defendant and the suit dismissed.

From a review of the evidence it appears that the court's findings were fully justified. The judgment is therefore affirmed.

Chief Justice GABBERT and Mr. Justice HILL concur.